UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

IN RE STRIKE 3 HOLDINGS, LLC,
COPYRIGHT INFRINGEMENT CASES

**MEMORANDUM AND ORDER**
22 CV 4596 (DG) (CLP)
22 CV 5386 (DG) (CLP)
22 CV 6128 (LDH) (CLP)
22 CV 6840 (NGG) (CLP)
23 CV 1034 (NRM) (CLP)
23 CV 2023 (AMD) (CLP)

---------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

Plaintiff Strike 3 Holdings, LLC commenced these copyright infringement actions against various John Doe defendants, presently only known by their Internet Protocol ("IP") addresses. Plaintiff seeks leave in each case to serve a third-party subpoena prior to holding a Rule 26(f) conference. Specifically, plaintiff seeks permission in each case to serve a Rule 45 subpoena on Verizon Fios, the non-party Internet Service Provider ("ISP"), which is alleged to have assigned the IP addresses to the defendants in each of the above-captioned cases, so that plaintiff may ascertain the defendants' identities.

For the reasons set forth below, the motions to serve a limited discovery request to Verizon Fios prior to a Rule 26(f) conference are granted in each case, subject to the conditions set forth in this Memorandum and Order.

## DISCUSSION

The facts set out below are drawn from the Complaint and declarations filed in the action styled Strike 3 Holdings, LLC v. John Doe, bearing the case number 22 CV 4596 (DG) (CLP). The allegations in that case are identical to the allegations in the other five cases at issue here: 22

CV 5386 (DG) (CLP), 22 CV 6128 (LDH) (CLP), 22 CV 6840 (NGG) (CLP), 23 CV 1034 (NRM) (CLP), 23 CV 2023 (AMD) (CLP).

Thus, the Court uses this common set of facts in reaching its decision on all six pending motions, and, despite providing internal references only to the documents relating to case number 22 CV 4596 (DG) (CLP), the Court refers to the Doe defendants and the facts implicated in all six cases collectively throughout this Order.

A. Standard for Discovery Prior to Rule 26(f) Conference

Under Federal Rule of Civil Procedure 26(d)(1), a party is generally precluded from seeking discovery from any source prior to a Rule 26(f) conference. The Federal Rules provide, however, that a party may engage in discovery before the Rule 26(f) conference, if authorized by a court order. Fed. R. Civ. P. 26(d)(1). When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts generally apply a "'flexible standard of reasonableness and good cause.'" Digital Sin, Inc. v. John Does 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005)); accord Strike 3 Holdings, LLC v. Doe, No. 20 CV 4501, 2021 WL 535218, at *1 (E.D.N.Y. Feb. 12, 2021); Strike 3 Holdings, LLC v. Doe, No. 20 CV 1529, 2020 WL 2115211, at *1 (S.D.N.Y. May 4, 2020); Strike 3 Holdings, LLC v. Doe, No. 19 CV 5818, 2019 WL 5459693, at *1 (S.D.N.Y. Oct. 9, 2019).

Courts in this Circuit have applied the Second Circuit's factors identified in Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010) when determining whether to allow a party to issue a subpoena under Federal Rule of Civil Procedure 45 prior to holding a Rule 26(f) conference; these factors include: (1) the plaintiff's ability to make out a *prima facie* showing of infringement, (2) the specificity of the discovery request, (3) the lack of alternative means to

obtain the information absent the subpoena, (4) the plaintiff's need for the information sought, and (5) the defendant's expectation of privacy. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) (quoting Sony Music Ent. Inc. v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); see also Strike 3 Holdings, LLC v. Doe, 2021 WL 535218, at *2, 4 (explaining that "[t]he Second Circuit has not yet decided whether the Arista [Records] factors apply to Rule 26(d)(1)" but finding that "a Rule 26(d)(1) motion should be analyzed in light of the reasonableness and good cause standard incorporating the Arista [Records] factors and mindful of the protection afforded by the Cable Privacy Act") (collecting cases); UN4 Prods., Inc. v. Doe-173.68.177.95, No. 17 CV 3278, 2017 WL 2589328, at *1 (E.D.N.Y. June 14, 2017) (same); but see Strike 3 Holdings, LLC v. Doe, 331 F.R.D. 14, 17 (E.D.N.Y. 2019) (noting that, while the Arista Records factors are "relevant" and "a useful part of the analysis," they are not "controlling" in this context).[1]

B. Analysis

1. Requests to Serve Subpoenas Directed to Verizon Fios

The Court considers each of the Arista Records factors in turn. First, "to make out a prima facie case of copyright infringement, a party must show (1) ownership of a valid copyright in the item and (2) unauthorized copying." International Swaps & Derivatives Ass'n, Inc. v.

[1] In Strike 3 Holdings, LLC v. Doe, Magistrate Judge Orenstein—tasked with resolving a motion like those at issue here—observed that the factors articulated by the Second Circuit in Arista Records dealt with a motion to quash a properly issued subpoena under Federal Rules of Civil Procedure Rule 45, and not whether a subpoena could be issued under Rule 26. 331 F.R.D. 14, 17 (E.D.N.Y. 2019). According to Judge Orenstein, "[t]he two inquiries are qualitatively different[,]" and thus the Arista Factors "are relevant, [but] their utility is limited." Id. Nevertheless, Judge Orenstein recognized that, while perhaps not technically binding, the Arista Records factors are "routinely" used in evaluating pre-trial discovery requests and they properly "inform" a court's analysis. Id. Taking into consideration Judge Orenstein's position, this Court finds that the Arista Records factors are informative and helpful in determining whether good cause for early discovery exists in these cases. Strike 3 Holdings, LLC v. Doe, No. 19 CV 5818, 2019 WL 5459693, at *2 (S.D.N.Y. Oct. 9, 2019) (acknowledging that the inquiries under Rules 26 and 45 "are different, but not wholly so: the same considerations are relevant in both situations").

Socratek, LLC., 712 F. Supp. 2d 96, 102 (S.D.N.Y. 2010) (citing Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 131 (2d Cir. 2003)).

Here, plaintiff alleges that it is the registered copyright owner of exclusive rights over the copyrighted works at issue, which are various adult motion pictures. (Compl.[2] ¶¶ 2, 48, 54). Plaintiff alleges that the Doe defendants employed a peer-to-peer file sharing system known as BitTorrent to "illegally download and distribute" copies of plaintiff's copyrighted motion pictures. (Id. ¶ 31). Specifically, plaintiff alleges that its copyright infringement detection system discovered defendants' use of the BitTorrent file sharing network to download and distribute plaintiff's movies over an extended period. (Id. ¶¶ 4, 20–49). Plaintiff attached the Copyright Office registration information for each work with a copyright that was allegedly infringed upon, including the registration number. (Id. ¶¶ 43–45, Ex. A). Moreover, plaintiff alleges that defendants' IP addresses were traced to physical addresses within the Eastern District of New York. (Id. ¶ 8).

Considering all these facts, the Court finds that plaintiff has set forth sufficiently detailed allegations as to the nature and extent of the infringing activities to make out a *prima facie* claim for copyright infringement in each of the six cases. See Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, No. 16 CV 2462, 2016 WL 2894919, at *2 (S.D.N.Y. May 16, 2016) (holding that plaintiff stated a *prima facie* claim of copyright infringement where the complaint "plainly set[] out the copyrighted works at issue and provide[d] comprehensive allegations regarding the manner by which the Defendant copied the various works, including the date and time of the infringement and the [Internet Protocol] address and technology used to effect the copying"); see also K Beech, Inc. v. Does 1-29, No. 11

[2] Citations to "Compl." refer to plaintiff's Complaint, filed August 4, 2022. (ECF No. 1).

CV 3331, 2011 WL 4401933, at *2 (E.D.N.Y. Sept. 19, 2011) (holding that plaintiff did not make a concrete showing of a *prima facie* claim of copyright infringement where registration for the work at issue was only pending). Accordingly, the first Arista Record factor weighs in favor of granting plaintiff's motions. Strike 3 Holdings, LLC v. Doe, 2021 WL 535218, at *4 (finding the first Arista Records factor met in a similar case); Strike 3 Holdings, LLC v. Doe, 2020 WL 2115211, at *1 (same); Strike 3 Holdings, LLC v. Doe, 2019 WL 5459693, at *3 (same).[3]

Second, plaintiff's Rule 45 subpoenas provide the IP addresses used by the defendants during the alleged period of infringing activity and seek to obtain the true names and addresses of the subscribers associated with the IP addresses. (See Pl.'s Mem.[4] at 2, 7). The Court finds that the sought-after information is "highly specific in nature" and not more than necessary to identify and serve the defendants. See Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, 2016 WL 2894919, at *3 (holding that a subpoena seeking the name, current and permanent address of the Doe defendant was "not asking for more information than necessary to identify and serve the [d]efendant"); Strike 3 Holdings, LLC v. Doe, No. 19 CV 5866, 2019 WL 4493342, at *2 (S.D.N.Y. Aug. 21, 2019) (noting that plaintiff "ha[d] limited its scope of discovery to the defendant's name and address, which previous courts in similar cases involving the same plaintiff have found 'is a limited and highly specific set of facts'") (quoting

[3] The Court does not make any determination at this time as to whether plaintiff has stated a valid, plausible cause of action. See Strike 3 Holdings, LLC v. Doe, 964 F.3d 1203, 1210 (D.C. Cir. 2020) (observing that "[a]t this stage, the court is not asked to pass judgment on the strength of the plaintiff's allegations against the defendant, but to determine whether the plaintiff should have the opportunity to name that defendant in the first place"). Instead, the Court places great weight on the fact that, "without granting [p]laintiff's request, the defendants cannot be identified or served and the litigation cannot proceed. Additionally, expedited discovery is necessary to prevent the requested data from being lost forever as part of routine deletions by the ISPs." Digital Sin, Inc. v. Does 1-176, 279 F.R.D. at 242.

[4] Citations to "Pl.'s Mem." refer to plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference, filed August 11, 2022. (ECF No. 7-1).

Strike 3 Holdings, LLC v. Doe, No. 18 CV 5586, 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018)).

The third factor also weighs in favor of granting plaintiff's motions. According to plaintiff, "[b]y virtue of the architecture of the internet" and the protections afforded subscriber data, "there is simply no alternative means for [p]laintiff to identify Doe[s] other than . . . court-ordered subpoena[s]." (Pl.'s Mem. at 8). Indeed, courts have found that due to the anonymous nature of the BitTorrent piracy, it is unlikely that a plaintiff would be able to determine the identity of a BitTorrent user without "cross-referencing the date and time of the alleged infringement with information on the ISP's subscriber logs." Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, 2016 WL 2894919, at *3. The Court therefore agrees with plaintiff that there are no alternative means by which plaintiff can identify defendants absent the subpoenas at issue. Strike 3 Holdings, LLC v. Doe, 2021 WL 535218, at *5 (finding the third Arista Records factor met in a similar case); Strike 3 Holdings, LLC v. Doe, 2020 WL 2115211, at *2 (noting that "[n]umerous courts in this district have found the third factor met in analogous cases involving the same [p]laintiff" and listing cases); Strike 3 Holdings, LLC v. Doe, 2019 WL 5459693, at *4 (finding the third Arista Records factor met in a similar case).

Fourth, without the ability to subpoena the internet service provider, plaintiff will be unable to serve the defendants, which would effectively terminate the actions without an adjudication on the merits. The expedited discovery is also necessary because ISPs routinely delete user information. Digital Sin, Inc. v. John Does 1-176, 279 F.R.D. at 242.

Finally, although plaintiff's subpoenas seek private information, courts have found that "'ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material.'" Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 173.68.5.86, 2016 WL

2894919, at *3 (quoting Malibu Media, LLC v. John Does 1-11, No. 12 CV 3810, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013)).  Moreover, this Court has tailored its Order to protect defendants' privacy.  Strike 3 Holdings, LLC v. Doe, 2021 WL 535218, at *5 (finding that the fifth Arista Records factor weighed in favor of plaintiff's motion in a similar case and issuing a protective order designed to prevent unnecessary embarrassment).

Having considered the Arista Records factors, which weigh in favor of permitting expedited discovery, the Court finds that plaintiff has shown good cause to permit limited third-party discovery in these cases prior to a Rule 26(f) conference by serving Rule 45 subpoenas on Verizon Fios to obtain the Doe defendants' identities.

2.  Authorizing Verizon Fios to Disclose Subscriber Information

An ISP that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), is limited in the information that it may share about its subscribers.  Strike 3 Holdings, LLC v. Doe, No. 20 CV 8826, 2020 WL 6363961, at *1 (S.D.N.Y. Oct. 29, 2020).  Specifically, subject to certain exceptions, "a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned[.]"  47 U.S.C. § 551(c)(1).  One exception is that a cable operator may disclose personally identifiable subscriber information where the disclosure is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]"  47 U.S.C. § 551(c)(2)(B).

To comply with the requirements of 47 U.S.C. § 551(c)(2)(B), and to facilitate the expeditious resolution of this matter on the merits, the Court authorizes Verizon Fios, the ISP identified in the Complaints (see Compl. ¶ 5), to release the true names and addresses of the subscribers associated with the IP addresses listed in the Complaints, subject to the restrictions

set forth at the end of this Order. Verizon Fios shall notify the affected subscribers of this Order by providing them with a copy of this Order and the relevant subpoenas issued by the plaintiff. To protect the subscribers' right to privacy, Verizon Fios shall reveal only the subscribers' true names and addresses, and the plaintiff may only use the information disclosed in response to the subpoenas to effectuate service in the present actions and not for any other purpose or in further litigation against defendants or other parties, absent a further order from this Court.

## CONCLUSION

For the reasons set forth above, plaintiff's requests to serve Rule 45 subpoenas prior to holding Rule 26(f) conferences in the six cases at issue here are granted.

**IT IS THEREFORE ORDERED** that plaintiff Strike 3 Holdings, LLC may serve subpoenas in compliance with Rule 45 of the Federal Rules of Civil Procedure on Verizon Fios in each above-captioned matters, to obtain **only** the names and addresses of the internet subscriber associated with the IP addresses specifically identified in each of the six Complaints at issue here. Each subpoena shall attach a copy of the relevant Complaint and a copy of this Order; and

**IT IS FURTHER ORDERED** that, upon receiving a subpoena, Verizon Fios shall take reasonable steps to preserve information responsive to the subpoenas until such information is produced to plaintiff or the Court finally resolves any motion related to the subpoenas; and

**IT IS FURTHER ORDERED** that, upon receiving a subpoena, Verizon Fios shall use reasonable efforts to identify the internet subscribers associated with the referenced IP addresses, but **shall not** immediately disclose such information to plaintiff. Instead, within sixty (60) days of receiving a subpoena, Verizon Fios shall serve a copy thereof, together with a copy of this Order, upon the subscribers whose information it determines is responsive to the subpoenas.

This measure is appropriate to place the subscribers on fair notice of plaintiff's efforts to obtain their identifying information, and their right to contest the subpoenas or to litigate them anonymously. Service by Verizon Fios upon any of the Doe defendants may be made using any reasonable means, including written notice sent to the defendants' last known addresses, transmitted either by first-class or overnight mail; and

**IT IS FURTHER ORDERED** that Verizon Fios shall file a proof of service on the docket in this case within 10 days of mailing the documents to each of the subscribers associated with the relevant IP addresses. Verizon Fios shall redact the names and addresses of the subscribers associated with the relevant IP addresses from the proofs of service filed on the public docket. The unredacted copies of such proofs of service shall be filed ex parte under seal with access only to Verizon Fios and the Court; and

**IT IS FURTHER ORDERED** that any Doe defendant who receives a copy of a subpoena and this Order will have a period of sixty (60) days to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. **Verizon Fios may not disclose the Doe defendants' identifying information to the plaintiff, or its employees or agents, at any time before the expiration of this 60-day period.** Additionally, if a Doe defendant or Verizon Fios files a motion to quash a subpoena, Verizon Fios **may not** turn over that Doe defendant's information to plaintiff, or its employees or agents, until the issues set forth in the motion have been addressed and the Court issues an Order instructing Verizon Fios to produce the requested information. In the event a Doe defendant moves to quash or modify a subpoena, or a Doe defendant moves to proceed anonymously, the defendant shall at the same time as their filing also notify Verizon Fios so that it is on notice not to release the Doe defendant's contact information to plaintiff, or its employees or agents, until the Court rules on any such motion; and

**IT IS FURTHER ORDERED** that if the 60-day period within which a Doe defendant may contest or otherwise move with respect to a subpoena lapses without such action, Verizon Fios will have a period of fourteen (14) days to produce the information responsive to the subpoena to plaintiff or to file its own motion to quash if it so chooses; and

**IT IS FURTHER ORDERED** that Verizon Fios shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested therein. If Verizon Fios elects to charge for the costs of production, it shall provide a billing summary and cost report to Strike 3; and

**IT IS FURTHER ORDERED** that any information disclosed to plaintiff in response to a subpoena authorized by this Order may be used by plaintiff solely for the purpose of prosecuting each of the aforementioned cases, unless the Court enters an Order authorizing further use of such information; and

**IT IS FURTHER ORDERED** that plaintiff may not initiate settlement discussions, or attempt to contact a Doe defendant prior to service of the Complaint, without leave of the Court. If a Doe defendant initiates such discussions, plaintiff is permitted to participate therein and to settle the case; and

**IT IS FURTHER ORDERED** that, until such further Order of the Court, each case identified in the caption above shall be litigated in the name of a "John Doe" defendant, regardless of what information is ultimately disclosed pursuant to the subpoenas; and

**IT IS FURTHER ORDERED** that plaintiff's time to serve a Doe defendant pursuant to Fed. R. Civ. P. 4(m) is extended to thirty days after plaintiff receives the production from Verizon Fios of the Doe defendant's identifying information.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
March 27, 2023

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York